**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CAREN XIMARA TREJO MEDINA, AKA Karen Xiomara Trejo Medina, | No. 15-72693 |
| Petitioner, | Agency No. A205-988-076 |
| v. | MEMORANDUM* |
| TODD BLANCHE, Acting Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 24, 2026**
Pasadena, California

Before: FRIEDLAND and MILLER, Circuit Judges, and TRAUM,*** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Anne R. Traum, United States District Judge for the
District of Nevada, sitting by designation.

Petitioner Caren Trejo Medina petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ's") decision denying her application for asylum, withholding of removal, and post-conclusion voluntary departure.[1] We have jurisdiction under 8 U.S.C. § 1252.

"Where, as here, the BIA cites *Burbano* and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011). We review for substantial evidence the agency's factual findings, and review questions of law de novo. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006); *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020). We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the agency's conclusion that Trejo Medina is ineligible for asylum or withholding of removal. The record does not compel the conclusion that Trejo Medino experienced past harm rising to the level of persecution. Although petitioner was kidnapped and threatened, she was held only briefly before being released, was not physically harmed, and had no subsequent interactions with the gang members. *See Sharma v. Garland*, 9 F.4th 1052, 1061-

---

[1] The agency also denied relief under the Convention Against Torture, but Trejo Medina does not seek review of that denial.

62 (9th Cir. 2021) (looking to whether petitioner "suffered serious injuries," the "length and quality of [her] detention," and whether threats were "repeated, specific and combined with confrontation or other mistreatment" (citation omitted)).

On the record before us, the agency also appropriately concluded that Trejo Medina did not produce evidence sufficient to meet her burden to show that any future harm would have a nexus to a proposed social group. The BIA concluded that "there is no evidence that the gang members [who kidnapped or threatened Trejo Medina] are, or could become, aware of [her] opposition to them." Petitioner points to no evidence belying that conclusion. Indeed, the record amply supports the agency's determination that the gang members are running an "extortion" scheme targeted at petitioner's aunt.

Trejo Medina requests a remand so the agency may reconsider her application for post-conclusion voluntary departure. The IJ denied her request for voluntary departure solely because she had not been physically present in the United States for a period of one year immediately preceding the date that her Notice to Appear ("NTA") was served, and the BIA adopted the IJ's decision by

citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994).[2] Since that time, the way we calculate physical presence has changed. *See Pereira v. Sessions*, 585 U.S. 198 (2018); *Niz-Chavez v. Garland*, 593 U.S. 155 (2021). In *Posos-Sanchez v. Garland*, 3 F.4th 1176 (9th Cir. 2021), we held that "a noncitizen builds up physical-presence time under [8 U.S.C.] § 1229c(b)(1)(A) from the moment he enters the United States until the moment he receives a single document that provides him with all the information Congress listed in 8 U.S.C. § 1229(a)—i.e., a § 1229(a) NTA." *Id.* at 1185. Because Trejo Medina's NTA from 2013 was deficient under § 1229(a), we grant the petition for review as to Trejo Medina's voluntary departure claim, and we remand for the BIA to reconsider that claim in light of *Posos-Sanchez*. *See Suate-Orellana v. Garland*, 101 F.4th 624, 630 (9th Cir. 2024) (explaining that "remand is appropriate to allow the BIA to consider the impact of subsequent case law" regarding statutorily deficient NTAs).[3]

---

[2] For this reason, the Government's argument that Trejo Medina failed to exhaust her voluntary departure claim is misplaced. *See Abebe v. Gonzales*, 432 F.3d 1037, 1040-41 (9th Cir. 2005) (en banc).

[3] Because we decided *Posos-Sanchez* after the BIA dismissed Trejo Medina's appeal but while Trejo Medina's petition was pending, we reject the Government's contention that Trejo Medina must seek relief by filing a motion to reopen with the BIA. *See Cordoba v. Holder*, 726 F.3d 1106, 1117 (9th Cir. 2013) (en banc) (remanding for the agency to consider an intervening decision without requiring the petitioner to file a motion to reopen); *Valdez v. Garland*, 28 F.4th 72, 81 (9th Cir. 2022) (same).

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**[4]

---

[4] The temporary administrative stay is lifted, and the motion to stay removal, Dkt. No. 1, is denied.